**In re: Ord Brubaker**

*Jo Anne 0. Halpern,* for petitioner.
*Larry Neish,* for respondent.

CARPENTER, *J.,* September 15, 1994—Before this court are objections filed by the respondent, Ord Brubaker, an alleged incapacitated person, to a petition for appointment of guardian filed by Mr. Brubaker's son, Regis E. Brubaker in accordance with 20 Pa.C.S. §5501 et seq. In their petition, petitioner requests the appointment of Elwood Brubaker as plenary guardian of the person of Ord Brubaker and Alvin Brubaker as plenary guardian of the estate of Ord Brubaker. Regis Brubaker, Elwood Brubaker, Alvin Brubaker are all sons of the respondent, Ord Brubaker.

Procedurally, on August 15, 1994, the respondent filed both an answer and these objections to the petition which are presently before the court. Oral argument was held on August 29, 1994, and the matter is presently ripe for resolution.

At the outset, we note our agreement with counsel for the respondent that his objections are properly filed. While counsel argues that this right is implied we believe that preliminary objections are specifically contemplated by the statute. Section 5511 of title 20 provides as follows in that regard:

"The court may dismiss a proceeding where it determines that the proceeding has not been instituted to aid or benefit the alleged incapacitated person or that the petition is incomplete or fails to provide sufficient facts to proceed."

By its clear language, the Act provides for a preliminary review and specifically affords the court the power to dismiss a proceeding. Accordingly, we will undertake to resolve respondent's objections (including motions to strike) as properly before the court.

In that regard, several of respondent's objections are technical in nature and probably would require no more than more specificity. These would include the names and addresses of other service providers, a description of any steps taken to find less restrictive alternatives to the appointment of a guardian, and the qualifications of the proposed guardian. We agree the petition lacks these mandated averments and more specificity is required.

However, this is moot since we believe that the failures by the petitioner to provide (1) any description of the functional limitations and physical and mental condition of the alleged incapacitated person, and (2) to faithfully set forth in their petition the reasons why a guardianship is sought require us under both the letter and spirit of the Act to dismiss the petition without hearing.

There are, in fact, no reasons stated in the petition other than the advanced years of Ord Brubaker (he is 93) and "the infirmities that come with such a passage of years" to support a finding of incapacity. This tells us nothing. We are reluctant to establish a precedent that the passage of years in and of itself can empower a petitioner to require an elderly individual to come before the court and defend their right to remain in control of their own situation. We are even more reluctant to entertain such a motion where it became clear from the oral argument/respondent's exhibit that the real purpose behind the petition is to resolve what appears to be a family dispute involving Mr. Brubaker's expressed wish not to see the three sons in question. We are not prepared to conclude that this wish (expressed through his attorney) provides a proper basis to require a hearing where it appears he would be asked to defend

his reasons for that action as "testing his capacity." Under this strained construction, rather than the Act accomplishing its desired purpose of protecting elderly persons we would sanction unwarranted intrusions into their lives to justify decisions simply on the basis of their age.

This result would be particularly unjustified in our case. Here, the respondent signed a valid power of attorney some 11 years ago prior to this petition which has never been revoked and is presently being exercised authorizing another to do exactly those functions which the petitioner and his designees now seek to control. Nor is the petition correct even to the limited extent of a need to provide a guardian for medical decisions which are claimed not to be covered by the 1983 power of attorney. In fact, the respondent signed a living will declaration and durable power of attorney for health care on October 26, 1992, which has never been revoked almost two years prior to this matter proceeding. There is no averment that Mr. Brubaker was incompetent at the time that either of these powers of attorney were entered into.

We are mindful that the appointment of a guardian is a serious deprivation of rights of an individual. It can limit an individual from contracting freely, making gifts, or executing valid legal instruments. A totally incapacitated person is incapable of making any contract or gift or any legal instrument in writing under Pennsylvania law. 20 Pa.C.S. §5524.

In recent years, courts, legislators, and commentators have realized the seriousness of the deprivation of rights the appointment of guardian entails. Accordingly, most states have enacted "Guardianship Reform Acts" to address those concerns. Generally, those reforms' statutes are more protective of alleged incapacitated individuals,

drastically increasing the due process considerations when appointing a guardian. One of the most important reforms in the guardianship laws has been to make the requirements for petitioning for the appointment of guardianship more stringent. As we review section 5511(e) of the Act relating to petition contents this appears to have been the purpose of the law in Pennsylvania as well. We quote section 5511 as follows:

"(e) PETITION CONTENTS—The petition, which shall be in plain language, shall include the name, age, residence and post office address of the alleged incapacitated person, the names and addresses of the spouse, parents, and presumptive adult heirs of the alleged incapacitated person, the name and address of the person or institution providing residential services to the alleged incapacitated person, the names and addresses of other service providers, the name and address of the person or entity whom petitioner asks to be appointed guardian, an averment that the proposed guardian has no interest adverse to the alleged incapacitated person, the reasons why guardianship is sought, a description of the functional limitations and physical and mental condition of the alleged incapacitated person, the steps taken to find less restrictive alternatives, the specific areas of incapacity over which it is requested that the guardian be assigned powers and the qualifications of the proposed guardian. If a limited or plenary guardian of the estate is sought, the petition shall also include the gross value of the estate and net income from all sources to the extent known."

As already noted in this opinion, the petition in this case presently fails in our view to adequately address the requirements of section 5511(e). Moreover, counsel for the petitioner admitted during oral argument on August 29, 1994, that they had alleged all that they

knew relative to this. It appears to the court that what has occurred here is that these children, having been rejected by their father, have brought the petition in a sense to "test" and "discover" what is going on with respect to Ord Brubaker. As such, this petition is precisely the type of petition which we believe the guardianship statute was designed to prevent. A petition for appointment of guardian cannot be brought to test the condition of an individual. Rather, there must be specific allegations contained in the petition which give the court reason to go forward to adjudication as protective of the individual. Here, it would appear that to go forward is protective of perceived grievances which the brothers may have with their father or their sister Nova. The correspondence between counsel leading up to the filing of the petition make this abundantly clear.

We have little doubt prior to the passage of the Guardianship Reform Act in Pennsylvania by the legislature in 1992 that, in fact, many family disputes were entertained by courts of this Commonwealth under the guise of guardianship petitions. Further, we concede that courts have, even in our own experience, granted guardianship petitions relative to persons of advancing age with little more justification. This case, accordingly, is significant in that it permits this court an opportunity to state unequivocally that these types of petitions will no longer be entertained pursuant to the legislative directive. Absent any allegation as to specific details concerning present incapacities suffered by Ord Brubaker, absent any allegations that Mr. Brubaker's needs are not currently being met, and finally given the prima facie validity of the existing powers of attorney executed in 1983 and 1992 respectively by 20 Pa.C.S. §5604(b) and which powers of attorney are specifically designed to obviate the need for petitions such as this we see

226

no reason for this matter to go forward and numerous reasons why it should not. Accordingly,

ORDER

And now, September 15, 1994, the above-captioned matter having come before the court upon objections by the alleged incapacitated, Ord Brubaker, to the petition for adjudication of incapacity and appointment of plenary guardian of the estate and person, and the court finding that the statutorily created requirements for the pleading of a guardianship petition under 20 Pa.C.S. §5511(e) have not been met, it is ordered, directed and decreed that the petition in this matter is dismissed.